**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
OLIVIERI V. WALDBAUM, INC, ET AL.,
CV 2012-1195 (SLT)**

## MINUTE ORDER

This order sets forth rulings made on the record at a conference held on May 12, 2014 concerning plaintiff's request filed on March 7, 2014 for a certificate of default against defendant Richard Sicuranza on a cross-claim for indemnification and contribution (ct. doc. 72) and Mr. Sicuranza's motion to stay discovery pending an anticipated motion to dismiss (ct. doc. 79) as well as oral application for an extension of discovery.

Default

Shortly after plaintiff filed a request for entry of default, Mr. Sicuranza filed a late answer to the Waldbaum defendants' cross-claim (ct. doc. 75) on March 11, 2014. He argues that although his prior counsel had failed to file an answer to the cross-claim, he had clearly indicated his intention to "defend against all issues raised in these proceedings." Ct. doc. 78 (Letter).

Because default was never entered, the Court treats Mr. Sicuranza's late answer and subsequent submission as a motion for leave to file a late answer, properly analyzed under Rule 6(b) of the Federal Rules of Civil Procedure. See e.g., Alli v. Steward-Bowden, 2012 WL 3711581, at *3 (S.D.N.Y. August 24, 2012) (finding that a late answer filed prior to default being entered was appropriately analyzed filed under Rule 6); U.S. v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256, 2010 WL 4452096, at *2-*3 (W.D.N.Y. Sept. 28, 2010) (analyzing the filing of a late answer under Rule 6). Under Rule 6(b)(1)(B), the Court, "for good cause," may grant an extension of time on a motion made

-1-

after time has expired to act if the party has failed to act because of excusable neglect.  See Fed. R. Civ. P. 6(b)(1)(B).  "With regard to determining whether a party's neglect of a deadline is excusable," courts must "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

By answering the complaint, asserting affirmative defenses and asserting his own cross-claim against the Waldbaum defendants, Mr. Sicuranza clearly has demonstrated that he intended to defend himself against all claims in this action.  By his participation in discovery and in his pleadings, Mr. Sicuranza has effectively provided Waldbaum with "fair notice" of the defense he now claims in his belated answer.  See Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 187-88 (E.D.N.Y. 2009) (finding that an answer that "communicates [the defendant's] intent to deny plaintiffs' claim" was sufficient to provide "fair notice" of his defense).

Waldbaum presents no evidence that it would be prejudiced by the late answer besides the fact that it would no longer be relieved of the burden to prove its cross-claim against Mr. Sicuranza.  To be sure, permitting entry of default here would be contrary to the strong preference of the Second Circuit for resolving cases on the merits.  See, e.g., Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001); Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996).  Although Waldbaum argued at the hearing that it will be prejudiced by the additional discovery Mr. Sicuranza now seeks, that discovery pertains to all the claims and defenses raised in

this action, and is not limited solely to the cross-claim of Waldbaum. Significantly, discovery has proceeded in this action notwithstanding a motion to dismiss filed by Waldbaum and Waldbaum did not file its answer and cross-claim until October 15, 2013, only after Judge Townes ruled on the motion.

Further, there is no evidence that the delay was willful or in bad faith. About a month after Waldbaum asserted the cross claim, Mr. Sicuranza's prior counsel filed a motion to withdraw. Although attorney error is ordinarily not a basis for a finding of excusable neglect, given the uncertainty over the issue of representation, this Court declines to charge Mr. Sicuranza with the oversight on the part of his prior counsel.

In sum, this Court grants Richard Sicuranza an extension of time, nunc pro tunc, to March 11, 2014 to file his answer. Accordingly, plaintiff's request for default is denied as moot.

Stay

Mr. Sicuranza's motion for a stay of discovery (ct. doc. 79), is denied because he has not demonstrated good cause. The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Brooks v. Macy's, Inc., 2010 WL 5297756, at *1 (S.D.N.Y. 2010) (noting that a party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause); Telesca v. Long Island Hous. P'ship, Inc., 2006 WL 1120636, at *1 (E.D.N.Y. 2006). Mr. Sicuranza has not yet filed such a dispositive motion. Moreover, a stay would not be warranted. If he seeks to argue, based on the anticipated dismissal of the claims of plaintiff against Waldbaum, that the Court lacks subject matter jurisdiction over the remaining claims, the litigation will merely proceed in a state forum if the Court declines to exercise supplemental jurisdiction over the claims. Insofar as Mr. Sicuranza seeks to move for summary judgment on the merits of the claims against him, it appears,

based on this Court's familiarity with the case, that such a motion will involve a fact-intensive inquiry not appropriate on the record before the Court for disposition on summary judgment.

Remaining Discovery

Discovery apparently came to a halt or slowed down late last year as plaintiff and Waldbaum engaged in more earnest settlement discussions and Mr. Sicuranza's prior counsel sought leave to withdraw. At a hearing on January 9, 2014, this Court granted the motion to withdraw and stayed discovery for 30 days. Notwithstanding the delay of Mr. Sicuranza in seeking additional discovery, this Court grants his request to extend the discovery deadline and conduct discovery, but only to following extent.

By order entered on June 5, 2013, each party was required to give notice by June 12, 2013 of all remaining depositions and other discovery the party wanted to take. Mr. Sicuranza's prior counsel stated in a June 12, 2013 email to plaintiff that only six specific Waldbaum employees' depositions remained. Current counsel now wants to depose James Drain and Vicky Maul, two of the employees. Since Mr. Sicuranza is bound by his prior counsel's statement and his counsel's statement at the hearing, he is given leave to depose Mr. Drain and Ms. Maul, who may be deposed for a total of one day.

Discovery is extended to June 30, 2014 for completion of those depositions.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 14, 2014

_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE